We will now hear argument in Burns v. Schell. I'll give you guys a minute to get up there. Okay, Mr. Tolentino, you have reserved two minutes for rebuttal. Yes, Your Honor, that's correct. Good morning, Your Honors, and may it please the Court. My name is Rachel Tolentino of Kaplan, Hecker, and Fink, appearing as Court-Appointed Pro Bono Counsel for Plaintiff Appellant George Burns. This Court should reverse the District Court's judgment for three independent reasons. The first is that the three-strikes rule of the PLRA applies only to civil actions, and Burns 2 and 3 were instead, quote, actions in the nature of mandamus under 1361. Second is that even if Section 1361 mandamus actions are civil actions, Burns 2 and 3 don't count as strikes because they were dismissed for lack of subject matter jurisdiction. And third, even if amici are correct that the prerequisites for mandamus jurisdiction have to be spelled out in the statutory text, at a minimum, Burns 2 qualifies since it was dismissed because he failed, Mr. Burns failed to meet the duty and federal officer requirement which are listed in the statute. Now, unless the panel has questions, I'd like to focus my limited time on the jurisdictional aspects because, in many respects, I think they're the narrower and more straightforward grounds for reversal. Well, one of the questions I'd ask for you to talk about is, let's say that we agree with you that Burns 2 was, in fact, a jurisdictional issue. Are we in a position to second-guess what the Court said? Your Honor, in terms of the question whether it's getting at, you know, Burns 2 was formally styled as a failure to state a claim, I think the case law is pretty clear that you look through to what the district court actually did. So what the statute actually says is, was it dismissed on the grounds that it was failure to state a claim? And here, although styled as a failure to state a claim, I think our position would be, if the criteria are jurisdictional, no matter how you style it, it would be a jurisdictional dismissal. And if I could just offer an example, standing requires three requirements, injury in fact, causation, and redressability. If Judge Stanton, for example, or Chief Judge McMahon had said, he lacks injury in fact, therefore it's a failure to state a claim, surely we wouldn't treat that as dispositive. You would look at what the Court is actually doing, not what the Court is actually saying. And that's made clear in this Court's cases in both Escalara and Tafari, where you look at what the Court is actually doing here. And what the Court did was it looked at the criteria. The criteria have long been treated as jurisdictional, and the text makes that clear. Because the text suggests that, in the nature of mandamus, collects with it all of the common law criteria that have long been settled. And we don't have to guess at what Congress was getting at here. Let me ask you, the statute, the three-star statute, 1915 E2B, requires dismissal if the complaint is frivolous or malicious or fails to state a claim. So it's in the disjunctive. Your pleading seems to me to be frivolous, your mandamus pleading, in that you can only bring a mandamus against a government official. And your client brought it against a private person. And while I understand that jurisdictional dismissals have not been found to fit within the 1915 exception or the 1915 criteria. Is that so when they're patently frivolous, as yours was? Well, Your Honor, a couple of- As your client's was. A couple of responses to that question, Judge Raggi. So the first is, this Court shouldn't be in the business of making the frivolous determination in the first instance. The question is whether it lacks a basis in law or fact on its face. And so to that extent, a mandamus pleading against a private entity, I mean, if you want to tell me that there's any basis for saying that there's a colorable basis in law or fact, I'm willing to hear that, but I don't see it myself. Well, so two responses, Your Honor. The PLRA anticipates that you look at what the underlying court did. And we cite cases for this in our opening brief. The Seventh Circuit in Howery v. Lemon- Well, stick with my question. Sure. You're saying that if it's a jurisdictional dismissal, can't fit within the PLRA. And I'm asking you whether that conclusion should apply if the jurisdictional pleading is frivolous on its face. If the underlying district court concludes that the jurisdictional allegations are frivolous on their face, the district court should say so, and then it would count as a strike. Well, but that's not a finding of fact. That's a law conclusion. We're able to do that because my concern is if we accept your argument that jurisdictional dismissals never count for the PLRA, a plaintiff could simply sue one private person after another in mandamus proceedings and never face the consequences of the PLRA. Now, you may have an answer to that for me, but I need to hear an answer. Why is a frivolous jurisdictional pleading not a ground for PLRA, doesn't count as a PLRA strike? Because the PLRA looks to a historical point in time and looks at what the district court did in that proceeding. Let me be more responsive to your point about whether- What's your basis for that? I mean, if the district court hadn't found this frivolous and we were now hearing argument on why it was a frivolous pleading, I'm not sure that matters. Well, this court has so held, Your Honor, in Escalera. The Seventh Circuit has also so held. So you're saying because the district court said it was a merits decision, if that's wrong, that's the end of it. What would we do, send it back to the district court for it to consider this question? No, Your Honor, because the original district court was the underlying district court in Burns 2 and 3. Let me also be responsive to your point about the fact that this is frivolous, which is, at a minimum, Burns 3 wasn't frivolous under our argument because that was directed at- Counsel, wouldn't it be helpful to your argument to read the statute? And the statute doesn't say that the action cannot be brought if the prior action was frivolous, malicious, or failed to state a claim. It says if it was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. That's exactly right, Judge LaValle. I think it's helpful if you refer to the statute in your answer to Judge Ratchett. That's exactly right, and I appreciate you directing us to the exact words of the statute. But what I'm trying to ask you is you're saying the district court said it was dismissed on the merits. You're saying that's wrong, that it wasn't dismissed on the merits. It was dismissed on jurisdictional grounds. Now, why was it dismissed on jurisdictional grounds? It was dismissed on jurisdictional grounds. Well, we can start with Burns 2. It was dismissed on jurisdictional grounds because it didn't meet any of the jurisdictional elements to establish the court's mandamus power. And on its face, it failed to meet them, right? With respect to Burns 2, yes. With respect to Burns 3, it was a lack of a duty. And isn't that the essence of a frivolous claim, that on its face it lacks a basis in law and fact? No, Your Honor. And again, I think Judge LaValle is correct that the underlying district court had to have made that finding. And if the underlying district court didn't, this court isn't in a position to sort of make that finding in the first place. The other factors to consider, Judge Raggiart, he was a pro se plaintiff, which, as this court knows well, affords him special solicitude. The other thing is frivolousness, although you look to the face of the complaint, is a big deal. It's the F word in litigation. And here, there were no predicate findings to establish a finding of frivolousness, either for Burns 2 or Burns 3. Should I be troubled at the fact that you're saying we don't need to be slavishly adhering to what the district court said they dismissed on account of when it comes to failure to state a claim versus jurisdiction, but at the same time, we do have to be very faithful if they didn't say the frivolous word? They don't sit easily together for me. Because in one case, you're asking us to look behind the hood of what the district court did. And on the other hand, you're telling us we can't. Can you square those for me? Sure, Judge Patez. And I think it's a fair tension that you're pointing out. I think there's an easy way to resolve it, though. The way to resolve it is the labels affixed to something do not necessarily govern. What this court should do is look at what the underlying district court did. What were the, quote unquote, grounds on which it was dismissed? It's absolutely clear that Burns 2 and Burns 3 were not dismissed on the grounds of frivolousness. There was no such finding. And courts have long held that courts of appeals don't make that finding in the first instance. But in this particular case, when you dismiss based on a lack of jurisdictional criteria, no matter if you call it a failure to state a claim, just like withstanding, courts know what it is when they see it. What is the court actually doing as opposed to what does the court actually say? Well, what was the error in Burns 3 in stating that they failed to state a claim? I'm not sure I understand what your argument there is. With respect to Burns 3, the district court, Judge McMahon, concluded that he didn't meet any of the duty requirements with respect to the mandamus factors. Well, what the court said was there was no clear right to relief under HIPAA because HIPAA did not provide a private cause of action. Why isn't that a failure to state a claim? Because it goes to the existence of a duty and right to relief. And our position is all three mandamus criteria are jurisdictional prerequisites, and they've long been treated as jurisdictional prerequisites. It seems to me that the statute provides the term failure to state a claim describes both the merits and the jurisdictional component. And the problem is that if the court was dismissing, if we look to the proposition, was the court dismissing on the merits for failure to state a claim rather than for the jurisdictional component? Since the jurisdictional component deprives the court of jurisdiction, it doesn't have the power to dismiss on the merits. It can only dismiss for failure to state a claim. A court is without power to rule on the merits of the claim if it doesn't have jurisdiction. Let me respond to that in a couple of ways, Judge LaValle. You're absolutely correct that if we treat the three criteria properly as jurisdictional elements, any dismissal based on a failure as to any one of those elements is jurisdictional in nature. Now, that doesn't mean that there's nothing left, because as the D.C. Circuit made clear in American Hospitals Association, there's a second part of the inquiry. It's the merits inquiry about whether or not the writ should issue inequity. So step one is, under the three criteria, do we have jurisdiction? Step two is, then we go to the merits, and the merits are, does this issue inequity? So we don't think that's a difficult rule to administer. And, in fact, the D.C. Circuit, the court that deals with mandamus the most frequently, given the location of federal officers, has sort of set forth that test. Do we have to agree that the merits and jurisdictional analysis of a mandamus merge in order for your client to win on this point? I mean, couldn't we find that the enumerated ones were jurisdictional and the unenumerated ones were more merit-like? I mean, that would kick out burns three, but then you would still have burns two. And, therefore, your client would still have one strike left. That's correct, Your Honor. That certainly – and that would be consistent with this court's approach in Escalera, where they said mixed dismissals of that sort don't count as strikes. So that is certainly a plausible path towards reversal as well in a narrower ground. Again, our principal position is that all three criteria under the common law should be treated as jurisdictional and long have been treated by this court and many other courts. Okay. So I think we'll hear from you on rebuttal. Thank you, Judge. Thank you, Mr. King. Good morning, Your Honors. May it please the Court. Good morning. Kevin King, court-appointed counsel in support of the judgment. With me today is my colleague, Jacob Crump. Your Honors, this is a tough case. It presents a series of difficult and challenging questions. I'd like, if I could, just to focus on two of them in particular. The one is the one you were discussing just now with Mr. Tolentino, but there's a predicate issue, one that comes logically before it that I want to be sure we get through, and that's the question whether mandamus actions filed under 28 U.S.C. 1361 qualify as civil actions under the PLRA's three-strikes provision. Mr. Tolentino, in his briefing, argues that they do not. We would submit that under this Court's decisions in Nagy and Reyes and Jones, the answer is that they do. And the reason I'm going to this question— Well, is it an all-yes or an all-no answer? Or under Nagy, is it a matter of how much it implicates a criminal proceeding? It's the latter, Your Honor. Okay. And the reason I'm going to this first is that you only get to the jurisdictional question, the question of whether or not these dismissals are for a lack of subject matter jurisdiction on the one hand or failure to state a claim on the other, if you first decide as a threshold matter that 1361 cases are civil actions. If they are not civil actions, you're outside the three-strikes rule altogether, and what that would mean, Judge Raju, to your point, is that any time a prisoner files a mandamus suit, there's a loophole. Under the PLRA, the three-strikes rule would never apply. No matter how frivolous the filing was on its face, no matter what the district court said about how frivolous it was, it would never be a strike. So you do need to resolve that issue first. I think it may be the only issue you need to resolve in this case. Certainly there are pathways to get to the other issues that you were discussing with Mr. Tolentino, but that's the threshold. Well, it might be the only issue if we rule in favor of your adversary, but it's not the only issue if we accept your position, is it? It's not with this caveat, Your Honor, which is Mr. Tolentino made the point the district court in this case had not passed upon the question whether or not, for example, Burns II was frivolous. This court could issue a Jacobson remand to allow the district court in the first instance to make that determination. Well, only if a frivolous jurisdiction pleading fits within the statute. And to that question, the answer is that it surely does. Under Steele Co. and other cases, including this court's cases, what the precedent says is that a patently frivolous assertion of subject matter jurisdiction renders the case frivolous. If there's no arguable basis on the face of the paper in terms of law or fact, then that's going to be frivolous? I don't have a problem with it being, or concluding that it's frivolous, but the statute requires that it have been, the statute looks historically, and it says, was it dismissed on the ground that it was frivolous? And I'm not sure that one could turn back the clock and say that just because it's frivolous, that means that it was dismissed on that ground when the district court stated a different ground and didn't find frivolousness. Your Honor, we would agree with you in your reading of the text of the statute. It uses the past tense, was dismissed. And so this is a historical, backwards-looking inquiry, which I think is fatal to most of Mr. Tolentino's arguments for the reason you were offering, Your Honor, which is you either can look through the prior district court decisions or you can't. And if you can't, Judge Pavlov, as you were just positing, then that's a real problem here because Burns 2 and Burns 3 were both dismissed. Why? For failure to state a claim. And if this is a purely historical, backwards-looking, was-dismissed type inquiry, that's game, set, and match. Now, I think, you know, Mr. Tolentino pointed to this court's decision in Escalera, and I'd like to address that. Escalera dealt with a different scenario and does not support his argument. I understand why he raised it. If I was in his shoes, I would have raised it too, but I don't think it gets all the way home. What was happening in Escalera was there was a grant of summary judgment, and the basis for the summary judgment was unclear. And so what this court said, and I'm looking here, this is 938F3rd at 383, is we need to look at the basis for the summary judgment ruling because it's not clear on the face of the order what the basis was. So there's a look-through for summary judgment when you don't know what the district court's basis was. Here, we know what the district court's basis was. The basis was failure to state a claim. It's right there in the orders. It doesn't say lack of jurisdiction. It says failure to state a claim. And I would note in this court's decision in Harris, what the court said there, this is 607F3rd at 23 to 24, courts administering the PLRA are entitled to look to the docket sheet when deciding whether or not a prior case is a strike. District courts are busy. They've got to look at lots of these cases, and a shortcut that they're allowed to take is to look at the docket sheet. If the docket sheet discloses the basis for dismissal, the district court may rely on that. And so, Judge LaValle, I think that would support your approach here, which is that you look to the basis for dismissal. Was it dismissed? And it's true. Burns 2 and Burns 3 were not dismissed on the basis that they were frivolous. They were, however, dismissed on the ground that Mr. Burns failed to state a claim. One of the things that troubled me was that the words failed to state a claim support both dismissal on the merits and dismissal for lack of jurisdiction, because if the complaint fails to state a claim, the way the jurisdictional aspect of the statute is drafted, there's no jurisdiction. Your Honor, I don't think we agree with that. At a minimum, there's a reasonable basis to disagree with that. Now we're down to the second question. I started with the first question of are 1361 cases civil actions? And now I think we're past that and we're to the question whether or not these dismissals that are denominated as dismissals for failure to state a claim must nevertheless be recharacterized as dismissals for lack of jurisdiction, thus making them non-strikes. Just to make sure, because thank you for acknowledging this is a hard issue. The hard question is not how it was named or whether or not we rename it, but what the court did. Right, and as soon as you get into what the court did, I think you're engaging in that recharacterization, that if that's the path you're going to go with this statute, I don't see why equally the court could not look and determine is what the court determined about that case, does that make the case frivolous? I'm not sure why you can do one but not the other. Let me ask you this to try and untangle it. The courts did say that they were dismissing Burns 2 and 3 for failure to state a claim, but the courts also cited Rule 12H3, which is the lack of subject matter jurisdiction. So it seems that the courts were covering both bases, so to speak, which is not surprising given that we have recognized that sometimes the issues overlap. But where does that leave us now? It could have dismissed for lack of jurisdiction, but that doesn't necessarily mean that it was finding that it was frivolous. I think that's implicit in what Judge LaValle has been asking you. And where I'm coming from, Your Honor, is that I'm disputing that the court here could have or should have dismissed for lack of jurisdiction. It's true, the district court orders do cite Rule 12H, and that's the jurisdictional provision. Let me ask you another question because I may pursue this with your adversary. To the extent the court said that it was dismissing for failure to state a claim, to the extent that the plaintiff in the case wanted to dispute that was appeal his option rather than trying to argue to our court now that we shouldn't accept what the district court said in the dismissal. I mean, if it thought that it couldn't be dismissed on the merits, was its option to appeal? Was the option to appeal? The option was to appeal or to seek reconsideration. So are we bound by the finding that it's failure to state a claim? I believe you are, Your Honor. That judgment is final, and again, to my colloquy with Judge LaValle, the statute says was dismissed. And even the fact that the court cited also the jurisdictional statute, the jurisdictional rule, doesn't change that or does? Does not change it because at least as applied in these circumstances, the court cited that jurisdictional rule only in passing in the introduction of its opinion, as I understand it. If you look to the sort of where the rubber meets the road in those decisions, it's not applying the jurisdictional provision. But I'm not sure I understand your argument. In the normal case, failure to state a claim is a different thing from failure to plead within the court's jurisdiction. But in the case of these mandamus petitions, they're the same. The way the statute is drafted, the qualifications for giving the court jurisdiction are the same as the qualification for the merits. And I think there's good reason to construe the dismissals as being, for the reasons that were just described, as being jurisdictional dismissals. On top of which is the argument I mentioned before, that the court doesn't have the power. And let me add something else. Judge Ranchi makes the very interesting point that has a great deal of merit to it, that if we construe the statute the way that's being argued, prisoners can come and bring mandamus petitions one after another after another. It may be true that the statute simply will not control that, although I don't know what would happen if the court said frivolous in its reasons. In finding it frivolous while at the same time denying for lack of jurisdiction. But does the fact that the statute has been not terribly well drafted to accomplish its purpose mean that we have the proper authority to rewrite the statute? I mean, I see several flaws in the way the statute is drafted. It clearly was intended to aim at somebody who brings frivolous petitions. But a failure to state a claim is not necessarily frivolous at all. Sometimes failure to state a claim presents, involves a very serious claim which a court has a great deal of difficulty deciding whether it states a claim or not. So if somebody brings a very forceful petition and the district court rules that it fails to state a claim with a 60-page long opinion discussing all the ins and outs and the difficulties, and then the person appeals and the court of appeals affirms with an 80-page long opinion, that person's got two strikes. Although he didn't do anything frivolous. He brought a very valid and forceful, I mean possibly valid, although the decision went against him. So the statute has some serious flaws in the way it was drafted. But that's the statute we've got. Your Honor, I see that my time has expired. May I answer? No, of course, of course. Thank you. So, Your Honor, I agree. A dismissal for failure to state a claim is not necessarily, and in fact in most instances, will not be frivolous. Those are separate sets here. I'm not contesting that. As to the statute that we have, I think really our disagreement with the points that you've just made comes at the root. It comes from the perspective of whether or not the three substantive requirements for mandamus relief, whether all three of those are jurisdictional. Mr. Tolentino argues that they are. We argue that they are not. And I think your question presupposed that they are. And so maybe it would make sense for me to give just a minute on why we believe that they are not. The test, I gather we have agreement between the parties on what the test is here. The test is in the Supreme Court's modern cases, Arbaugh, Sebelius, Muchnick. Those cases say that jurisdiction is a word that has too many meanings, has been used in a permissive way in the past, and we need to bring some discipline to how we talk about what is and is not jurisdictional. And when we do that, what is the test? The test is, has Congress clearly spoken in jurisdictional terms in adopting whatever the requirement that we're debating happens to be? So here, has Congress clearly stated that all three substantive requirements for mandamus relief are jurisdictional? No, it hasn't. The statute in 1361 says that the district courts shall have original jurisdiction to entertain cases in the nature of mandamus, and then it goes on to talk about the relief that may be granted as against officers or agencies of the United States when they owe a duty. So the statute does not, for example, say anything at all about whether or not the petitioner has an adequate alternative form of relief, not mentioned in the statute anywhere. And I think even, you know, Mr. Tolentino in his reply brief concedes as much. And so it would be very hard-pressed, Your Honor, to see why that element, for example, would be jurisdictional. And it gets more challenging when you're dealing with the question of a duty and whether a duty exists, because that is mentioned. Right, so what about the – well, you know what, please respond to Judge LaValle. Yeah, as to whether or not a duty exists, it is mentioned in the statute. I want to own that. It's mentioned at the very end of 1361, the final clause. But what the Supreme Court said in Sibelius and in Gonzales v. Thaler is that mere proximity between some words of a statute and a jurisdictional provision will not alone make those other words jurisdictional. And I point you in particular, Judge LaValle, to Steel Co. In Steel Co., the Supreme Court was dealing with a statute that said the courts have jurisdiction to entertain actions under subsection A. And what the Supreme Court said is the elements of subsection A are not jurisdictional. They instead go to the court's ability to grant relief. And so what we have here is very, very similar to that. To the extent that 1361 incorporates the three baseline requirements for mandamus relief, it's doing what the statute in Steel Co. was doing. It's saying you have authority to entertain cases under subsection A. And so if you take Steel Co. and you apply it here, it looks like maybe none of the requirements would be jurisdictional. But I would agree, Judge Perez, you had said that maybe one of the two Burns cases, I forget if it's Burns II or Burns III, involved a dismissal based on an absence of a duty. And if you go there, then I think at that point Burns may have two strikes rather than three. One of the two was dismissed on the absence of a duty, and the other of them was dismissed on a sort of more generalized ground. Let me ask you, please. Okay, I was going to say, so I agree that Steel Co. is a very good case for you. Neither of you have discussed Anderson v. Bowen. Are you familiar with that case? It's fine if you're not. It's something that neither of you have mentioned, but I am finding it. I'm not. But what I would say, Your Honor, is I certainly have heard of it, but today I'm not able to speak to it. I would be glad to file a 28-J or even a short letter brief, if you'd like, on any issue involving that case. I'll talk to my colleagues to see if it's necessary. And then, Judge Rodger, you had a question. The Anderson case, which Judge just alluded to, recognizes that we've affirmed lower dismissals of Section 1361 Mandates, petitions on jurisdictional grounds. But I wanted to ask you about the view that the Seventh Circuit takes in Ahmed v. Department of Homeland Security, which says that unless a claim is so frivolous that it fails the Belle v. Hood test, the district court has jurisdiction to determine whether the prerequisites for mandamus relief have been satisfied. That suggests to me that there's always jurisdiction to consider a mandamus petition unless its pleadings are frivolous under Belle v. Hood. Do you urge that position on this court or some other view of how we treat jurisdiction and dismissals from mandamus petitions? Your Honor, I urge something different. Judge Rodger, what case were you talking about? I'm looking at Ahmed, A-H-M-E-D v. Department of Homeland Security. It's a 2003 decision from the Seventh Circuit, Judge LaValle. And, Your Honor, I believe that case is cited on page 13 of our brief. We are urging something very close to Ahmed on this court. I think maybe there's a tiny little twist to it. But it addresses what I think is the most powerful question in Mr. Tolentino's reply brief, which is what is the test for when there's jurisdiction and how, if at all, is that different from whether or not a mandamus case has met. But can that be reconciled with our own circuit precedent? I think it can in the following way. Your own circuit precedent, it's absolutely true. This court has affirmed district court decisions dismissing for lack of jurisdiction mandamus cases that failed to meet the elements. But when you break that precedent down, you find that it essentially amounts to drive-by jurisdictional rulings. That's the Supreme Court's term. Cases in which the jurisdictional nature of what was occurring was not closely scrutinized. And, moreover, my understanding, and I may be wrong about this. I want to own that. But my belief or my recollection is that most or all of those cases came before Arbaugh and the rise of the Supreme Court's modern test for what is and is not jurisdictional. At a minimum, I don't think any of those cases applied the Arbaugh test. And so you have sort of cases coming from a different time when we were handling the word jurisdiction differently. And so, yes, it's true. The cases are out there. But I think when you realize that we're now under a new regime, yes, then you can reconcile Ahmed in. Ahmed would be more consistent with the modern regime. And that's what Judge Kogan said in the case cited in our brief, that treating these elements as non-jurisdictional but instead going to the merits is more consistent with the modern view. Thank you so much. Thank you, Your Honors. And Mr. Tomatino, you've got your two minutes of rebuttal, please. Your Honors, I'd like to start with Judge Perez's point about Anderson v. Bowen, which we cite on page five of our reply brief, which we agree is a good case for us. In that case, the court said, we agree with the district court that exercise of mandamus jurisdiction would be inappropriate. We therefore affirm the district court's dismissal of the complaint for lack of subject matter jurisdiction. That confirms beyond doubt that this court has treated it, the mandamus criteria, as jurisdictional. That's a published case from 1989. It's long been the law. And it's long been the law even after Arbaugh, Sebelius, and Reid. But let me ask you to address the question I put to your adversary, which is, with the district court determination that this was dismissed for failure to state a claim, if you were going to challenge that, appeal was your client's avenue to do that. Why aren't we bound by that finding at this point? We are bound by that for a couple of reasons, Your Honor. First of all, as Your Honor knows, he was pro se in those proceedings, so it's a little bit difficult for him to expect to understand that appeal was the only option, especially when the district court said an appeal wouldn't be taken in good faith. But what is the basis for reviewing the ground that the district court stated for dismissal in considering the three strikes? I mean, do you have some precedent that tells us we can do that? Well, the text of the statute tells you to look at the grounds for the dismissal. And the grounds for the dismissal is not just the label affixed to the disposition. Sure, you can look at the docket sheet, as Mr. King mentioned, but you have to look at what the district court did. And I'll go back to my analogy. If they just run through the standing factors and said there's no injury in fact, and then said, therefore, failure to state a claim, Your Honor certainly wouldn't take that as a given and say it was a failure to state a claim. It's the merits as opposed to jurisdiction. Now, the secondary response to this, Judge Radji, is setting aside what the district court called it, we look at what the court actually did. And at least the Ninth Circuit has addressed this in a case called Knapp v. Hogan, which we didn't have an opportunity to cite in our reply brief, in part because this colloquy about whether or not we should just take the district court's labels as a given was not briefed in the amicus brief. And so there's a preservation question as to whether or not Your Honor should even sort of be looking at this argument at all. It was not in the briefs at all until argument. And so certainly we don't think further briefing is necessary because we think it's actually clear that there's a way to reconcile this, which is you look to the underlying grounds. Here the underlying grounds at A98 was the failure to meet the jurisdictional criteria in Burns II, and then with respect to Burns III at A17, he failed to show the requisite duty, which again is a jurisdictional factor under the case law. Unless there's further questions. I want to thank you on behalf of the court for the excellent advocacy you, your colleagues, and your firms did in this matter. Thank you, Your Honor. This concludes argument on the cases on the appeal calendar for today. We have one case on submission, and that is United States v. DiCarlo Gio. I do want to thank the court's office and their team for keeping the courtroom and docket in order. Thank you for our CSOs. And we are done for today. The court stands adjourned.